# UNITED STATES DISTRICT COURT

FILED

2025 AUG -1 AM 8: 58

for the

Middle District of Tennessee U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Nashville Division

Michelle J. Fallat

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

The Clarksville Police Department;
CPD Officer Alan Greenman;
CPD Officer Isaac Barretto

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Case No.  3-25cv- 873

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑Yes  ☐No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Michelle J. Fallat | | |
| Address | 106 James Dr. | | |
| | Clarksville | TN | 37042 |
| | *City* | *State* | *Zip Code* |
| County | Montgomery | | |
| Telephone Number | 931-624-2251 | | |
| E-Mail Address | fallat.michelle@yahoo.com | | |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | The Clarksville Police Department | | |
| Job or Title *(if known)* | | | |
| Address | 135 Commerce St. | | |
| | Clarksville | TN | 37040 |
| | *City* | *State* | *Zip Code* |
| County | Montgomery | | |
| Telephone Number | 931-648-0656 | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity  ☑ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | Alan Greenman | | |
| Job or Title *(if known)* | Field Training Officer | | |
| Address | 211 Cunningham Lane | | |
| | Clarksville | TN | 37042 |
| | *City* | *State* | *Zip Code* |
| County | Montgomery | | |
| Telephone Number | 931-648-0656 | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity  ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Isaac Barretto |
| Job or Title *(if known)* | Police Officer |
| Address | 211 Cunningham Lane |
| | Clarksville ____ TN ____ 37042 |
| | *City* ____ *State* ____ *Zip Code* |
| County | Montgomery |
| Telephone Number | 931-648-0656 |
| E-Mail Address *(if known)* | |

[ ] Individual capacity [✔] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | *City* ____ *State* ____ *Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

[ ] Individual capacity [ ] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✔] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See attachment: "Juristiction and Venue"

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attachement: "Deprivation of Federal Rights Under 42 U.S.C. § 1983"

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

The intersection of James Dr. and Peachers Mill Rd.
Tenova E.R. 1325 TN-76
The Mongomery County Jail
All located in the city of Clarksville in Montgomery County Tennessee.

B. What date and approximate time did the events giving rise to your claim(s) occur?

August 30th 2024 from appoximatly 2pm (CST) to aproximately 12am (CST) on August 31st 2024.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attachment: "Facts"

## IV.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plantiff realleges and incorporates by reference the allegations set forth above.

Defendants are liable to the Plantiff, jointly and severally, for all wronful acts which harmed and caused damage to her.

Defendants are liable to the Plantiff for damages for all violations of her civil rights under the Constitution of the United States as defined by 42 U.S.C. §1983.

Based on the facts and circumstances described in this Complaint, and as a direct result of said acts and ommisions of the Defendants, Plantiff has suffered damage to her reputation; past pain and suffering; past, present, and future emotional distress; and other financial losses.

## V.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

WHEREFORE, Plantiff Michelle J. Fallat requests a trial by a JURY and that a judgment been entered against Defendants, jointly and severally, as follows:

- Compensatory damages of at least Twenty Million Dollars ($20,000,000.00) or such other amount suppoerted by the eveidance at trial;

- Punitive damages in an amount to sufficiently deter Defendants from engaging in future behavior as described in this complaint;

- Court costs;

- Attorneys' fees and costs of suit provided by U.S.C. §1988;

- Pre- and Post-judgement interest at the legal rate; and

- Any and all other and further relief as the Court deems appropriate.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    8/1/2025

Signature of Plaintiff    Michelle Pellot

Printed Name of Plaintiff    Michelle Pellat

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

_____ _____ _____
City          State          Zip Code

Telephone Number    _____

E-mail Address    _____

Print    Save As...    Add Attachment    Reset

# JURISTICTION AND VENUE

I. The Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343 because the controversy arises under the U.S. Constitution and 42 U.S.C. § 1983.

II. This Court also has supplemental jurisdiction over claims asserted against Defendants under Tennessee State law pursuant to 28 U.S.C. §1367.

III. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391 because the events giving rise to this action occurred within this District.

IV. Plaintiff brings this lawsuit to redress Defendants' violations of Plaintiffs constitutional rights under the Fourth and Fourteenth Amendment's of the United States Constitution and her civil rights pursuant to 42 U.S.C. §1983, as well as violations state law.

V. This action to redress the deprivation under color of law, statute, ordinance, regulation, custom or usage rights, privileges and immunities secured to Plaintiff by the Constitutions and laws of the United States. Plaintiff brings this action pursuant to 42 U.S.C. §§1983 and 1988.

VI. Plaintiff also seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

# DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

All of the relevant acts of Defendants, their agents, servants, and employees, were carried out under the color of state law and in their official capacity as agents of the Department.

These acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fifth Amendments as incorporated against the States by the Fourteenth Amendment to the Constitution and in violation of 42 U.S.C. §1983.

## FIRST COUNT

### Unlawful Seizure by Officers Barretto and Greenman

I.   Plaintiff realleges and incorporates by reference the allegations set forth above.

II.  The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend IV.

III. A Fourth Amendment violation occurs where: (1) a person is seized; and (2) the seizure is unreasonable.

IV.  A seizure occurs where there is a physical force or a show of authority that in some way restrains the liberty of the person, and (as to a show of authority) that the person submits to the officers' show of authority.

V. A person has been seized within the meaning of the Fourth Amendment if, in view of the all the circumstances surrounding the incident, a reasonable person would have believed that she was not free to leave.

VI. Once a seizure occurs, the seizure must be reasonable.

VII. An arrest is "unreasonable" where it is not based on probable cause to believe that the individual has committed or intends to commit a crime.

VIII. A reasonable person under the circumstances would have believed (as Plaintiff did) that she was not free to leave.

IX. Officer Barretto approached Plaintiff's vehicle, after obtaining the Plaintiffs drivers license, falsely stated he could smell alcohol on the Plaintiffs person and continued interrogating Plaintiff.

X. Officer Barretto violated Plaintiff's rights by unlawfully detaining Plaintiff; by requiring Plaintiff to exit his vehicle to perform field sobriety tests without reasonable suspicion or probable cause to believe that Plaintiff was under the influence.

XI. Officer Greenman violated Plaintiff's rights by also stating he could smell the odor of alcohol on her person and observing Officer Barretto improperly administer field sobriety tests without reasonable suspicion or probable cause to believe that Plaintiff was under the influence.

XII. The illegal seizure of Plaintiff's person by Officer Barretto and Officer Greenman was done in such a manner that no reasonable person would have thought that they were free to leave.

XIII. The illegal seizure of Plaintiff's vehicle and person without probable cause was a deprivation of her civil rights to be free from unlawful seizures under the Fourth and Fourteenth Amendments.

XIV. The purpose of Officer Barretto seizing Plaintiff was not for any lawful purpose, rather it was based upon Officer Barrettos' presumption that Plaintiff would be under the influence which Plaintiff's blood alcohol test proved to be not true.

XV. Plaintiff suffered damages associated with his arrest including but not limited to lost wages, legal fees, and medical expenses.

XVI. The Defendants acted intentionally, maliciously, or with callous disregard for Plaintiff's rights.

XVII. As a direct and proximate result of the acts and omissions of Officers Barretto and Greenman, Plaintiff suffered a violation of his constitutional rights, harm to his reputation and standing in the community, mental distress, shame, humiliation, and embarrassment, and was therefore damaged in an amount to be determined by a jury.

## SECOND COUNT

False Arrest And Illegal Search by Officer Barretto and Officer Greenman

XVIII. Plaintiff realleges and incorporates by reference the allegations set forth above.

XIX. To establish a state-law claim for false arrest and imprisonment, a plaintiff must prove: (1) a detention or restraint against the plaintiff's will; and (2) the unlawfulness of such detention or restraint.

XX. False imprisonment requires that a defendant must have acted without probable cause.

XXI. For substantially the same reasons stated above as to the preceding Fourth Amendment claim, the Defendants falsely arrested and falsely imprisoned Plaintiff.

XXII. The primary duty of a police officer is to enforce Tennessee's traffic laws.

XXIII. As previously discussed, Plaintiff should have only received a citation if in fact there was a traffic violation.

XXIV. Officer Barretto violated the Plaintiff's rights by placing her under arrest without probable cause to believe that she was driving under the influence.

XXV. Officer Greenman took over the arrest despite an obvious lack of sufficient probable cause.

XXVI. The purpose of Officer Barretto initial stop was claimed to be for a lawful purpose. Failure to stop for a stop sign.

XXVII. Officer Barretto subsequently placing Plaintiff under arrest was not for any lawful purpose and was based solely upon Officer Barrrettos' false statement of smelling the odor of alcohol on Plaintiff's person and insistence that Plaintiff was driving under the influence despite the lack of evidence.

XXVIII. These actions were a physical restraint, a show of authority, and a show of force.

XXIX. Plaintiff pulled to the side of the roadway upon being seized by the patrol vehicles' blue lights and cooperated with Officer Barretto and Officer Greenman.

XXX. There were no exigent circumstances justifying the arrest of the Plaintiff.

XXXI. The false arrest of Plaintiff was a deprivation of her civil rights to be free from arrest without necessary probable cause under the Fourth Amendment.

XXXII. The illegal search of Plaintiff's person was a deprivation of her civil rights to be free from unlawful searches under the Fourth Amendment.

XXXIII. A reasonably well-trained officer would know that there were no specific articulable facts to justify searching Plaintiff's person and vehicle.

XXXIV. A reasonable person in Plaintiff's position would not have felt free to leave.

XXXV. With respect to this show of authority, Plaintiff submitted without protest.

XXXVI. The seizure was made without probable cause and without legal process.

XXXVII. Plaintiff was transported to the local detention facility following her unlawful arrest to provide a blood sample.

XXXVIII. The collection and analysis of a blood sample is a "search" within the meaning of the Fourth Amendment. See Skinner v. Ry. Labor Execs. Ass'n, 489 U.S. 602, 618 (1989).

XXXIX. A search is unlawful if it is made without probable cause.

XL. The Defendants, without reasonable suspicion or probable cause, intimidated the Plaintiff into providing a blood sample after she had asked for a Breathalyzer test to disprove Office Barrett's false claim of smelling alcohol on her person.

XLI. As a result of these actions, Plaintiff suffered damages as identified above.

XLII. The Defendants were the cause in fact and proximate cause of Plaintiff's damages.

XLIII. The Defendants acted intentionally, maliciously, or with callous disregard for Plaintiff's rights.

## THIRD COUNT

### State Law Claims of False Imprisonment

XLIV. Plaintiff realleges and incorporates by reference the allegations set forth above.

XLV. Officer Barretto and Officer Greenman falsely imprisoned Plaintiff and violated her rights by seizing her person and depriving her of her liberty without probably cause to believe that she had committed a crime.

XLVI. The false imprisonment was a deprivation of Plaintiff's liberty without the requisite due process of law as defined under the Fourteenth Amendment and in violation of Tennessee State law.

XLVII. As a direct and proximate result of the acts and omissions of Officers Barretto and Greenman, Plaintiff suffered a seizure of her person, a violation of her constitutional rights, harm to her reputation and standing in the community, mental distress, shame, humiliation, and embarrassment, and was therefore damaged in an amount to be determined by a jury.

## FOURTH COUNT

### Failure to Intercede and Prevent the Violation of Rights

XLVIII. Plaintiff realleges and incorporates by reference the allegations set forth above.

XLIX. Officer Greenman failed to intercede on behalf of Plaintiff even though Officer Greenman knew or should have known that the actions being taken by Officer Barretto were an egregious violation of Plaintiff's rights.

L.   Officer Greenman knew and/or should have known that Plaintiff was unjustifiably seized, arrested, and jailed.

LI.   Officer Greenman knew and/or had a duty to know that Plaintiff's constitutional rights were violated.

LII.   Officers Greenman had realistic opportunities to intervene to prevent constitutional violations from occurring.

LIII. Defendants are liable for Officer Greenman failing to intercede on Plaintiff's behalf to stop the violations made by Officer Barretto.

## FIFTH COUNT

### Monell Claim

LIV. Plaintiff realleges and incorporates by reference the allegations set forth above.

LV.   On information and belief, the Clarksville Police Department, located in Montgomery County, has a custom and culture of violating the constitutional rights of others.

LVI. Though not a written policy, this custom was so widespread as to have the force of law.

LVII. The Clarksville Police Department  has a history of wrongfully tolerating, condoning, and encouraging constitutional violations.

LVIII. As a result, it has become the custom and culture of the Clarksville Police Department in the Clarksville area to protect its officers when officers are known to have violated the constitutional rights of others.

LIX. The Clarksville Police Department fails to properly train, supervise, investigate, and discipline its deputies and officers when violations of the constitutional rights of the citizens in Montgomery County, Tennessee occur.

LX. Upon information and belief, the Clarksville Police Department, has acted with deliberate indifference to a pattern of past occurrences of constitutional violations of citizens such that its officers and deputies feel empowered to violate the constitutional rights of its targets with impunity.

LXI. The Clarksville Police Department failed to properly train its officers about the grounds for investigating the offense of Driving Under the Influence and the proper means for evaluating whether a citizen is driving while under the influence of a drug or intoxicant.

## SIXTH COUNT

Tennessee State Law Claims for Assault, Battery and Negligence (as to Defendants Barretto and Greenman)

LXII.134. Plaintiff realleges and incorporates by reference the allegations set forth above.

LXIII.135. Plaintiff asserts violations of Tennessee state law by Defendants Greenman and Barretto under Tennessee Code Annotated §39-13-101, et seq. (assault and battery) and Tennessee Code Annotated §39-11-620 (requiring the use of reasonable force in effecting a lawful arrest).

LXIV. The acts or omissions of these Defendants, as described herein, deprived Plaintiff
of her rights under Tennessee state law and caused him the injuries and damages
described in this Complaint.

# FACTS

I. On August 30, 2024, Plaintiff was driving on Taft Dr. In the city of Clarksville, TN.

II. Officer Barretto, training under the supervision of Field Training Officer Greenman, was monitoring traffic in the early afternoon on August 30, 2024.

III. Officer Barretto activated his blue lights and required the Plaintiff to pull to the side of the roadway.

IV. The Plaintiff complied fully and waited calmly in her vehicle as Officer Barretto approached.

V. Officer Barretto stated the basis of the stop was, the Plaintiff failed to stop at the stop sign located at the intersection of James Drive and Dalewood Drive.

VI. Officer Barretto asked Plaintiff for her driver's license, registration, and proof of insurance.

VII. During all times during this police/citizen encounter the Plaintiff was respectful, restrained, courteous, and compliant.

VIII. At no time did any of the Defendants observe the Plaintiff driving or engaging in any conduct which would cause any reasonable law enforcement officer to suspect Plaintiff was driving under the influence of an intoxicant or otherwise engaging in unlawful behavior.

IX. Plaintiff affirmatively states that she had no prior criminal record on August 30, 2024.

X. Officer Barretto asked Plaintiff if she had been drinking.

XI. Plaintiff responds no, she had not been drinking.

XII. Officer Barretto then makes the false claim that he could smell alcohol on the Plaintiffs person.

XIII. Officer Barretto asked the Plaintiff to step out of the vehicle.

XIV. Officer Barretto instructs the Plaintiff to walk to the rear of her vehicle.

XV. Plaintiff asked Officer Barretto to smell her breath, gave permission and asked Officer Barretto to search her vehicle. She did truthfully tell Officer Barretto there was no alcohol and nothing illegal in the car.

XVI. Officer Barretto declines Plaintiffs requests and continues his interrogation.

XVII. Plaintiff attempts to show Officer Barretto her insurance on her phone.

XVIII. Officer Barretto instructs Plaintiff to put her phone on the ground.

XIX. Officer Barretto inquires as to why Plaintiffs eyes appear red and bloodshot.

XX. 33. Plaintiff advised Officer Barretto that she has severe dry eyes, related to medical procedures and conditions from when she was a child, and that her eyes were always red.

XXI. Officer Barretto ignored the Plaintiffs reasonable explanation to his questions.

XXII. Plaintiff affirmatively asserts that this was an unreasonable and unlawful extension of the traffic stop without a proper basis.

XXIII. Plaintiff did not feel, and no reasonable person would have felt, free to terminate the encounter with Officer Barretto.

XXIV. Officer Barretto asked Plaintiff to submit to a field sobriety test which consisted of a Horizontal Gaze Nystagmus Test, and a Walk and Turn Test.

XXV. Officer Greenman came out of the police car and stood to the side observing Officer Barretto conducting the Field Sobriety Test.

XXVI. During the walk and turn Plaintiffs sandals keep slipping off making it
difficult to continue with the test.

XXVII. Officer Barretto instructed Plaintiff to take my shoes off to do the test.

XXVIII. Per the weather channel on 8/30/2024 the temperature was near 96
degrees fahrenheit and no cloud cover.

XXIX. Plaintiff tells Officer Barretto that the road surface and the grass was hot
and burning the bottom of her feet.

XXX. Officer Barretto ignored the Plaintiff and instructed her to continue with the
test.

XXXI. Plaintiff politely complied with the officer's instructions without protest.

XXXII. Unsatisfied with Plaintiff's performance of the sobriety tests Officer Barretto
informed the Plaintiff she was being arrested for D.U.I.

XXXIII. Officer Barretto asked the Plaintiff if there was anyone she would like him to call
to retrieve her car.

XXXIV. Plaintiff gave Officer Barretto her husbands phone number and instructed him to
call him.

XXXV. Officer Barretto got behind the Plaintiff pushed her up against the police
car, placed her in hand cuffs and forcefully shoved her into the back seat of
the police car.

XXXVI. Plaintiff was placed in the back of the patrol car, despondent, dehumanized,
handcuffed and, in fact, sober as established by the blood test subsequently
administered.

XXXVII. No reasonable person, much less a law enforcement officer, would have believed or suspected that Plaintiff was driving under the influence.

XXXVIII. Plaintiff submitted to a blood test.

XXXIX. Officer Barretto informed the Plaintiff they were taking her to Tennova hospital in Clarksville for her blood test.

XL. Plaintiff told Officer Barretto and Officer Greenman that she works at Tennova hospital.

XLI. As Officer Greenman approached Ted Crozier Sr. BLVD he entered the left turn lane to turn onto Ted Crozier Sr. BLVD.

XLII. Officer Greenman then abruptly exited the turn lane and continued straight on Warfield BLVD.

XLIII. Officer Greenman passed the Tennova main hospital and continued down Rossview Rd. Eventually getting onto Interstate 24 east.

XLIV. Officer Greenman exited interstate 24 east at exit 11 and turned left onto Martin Luther King Jr. BLVD.

XLV. Officer Greenman pulled into Tennova E.R. hospital, more than 14 miles further away from Tenova main hospital.

XLVI. Upon arrival at Tennova Hospital E.R. in Sango Plaintiff was confronted by her co-workers who asked why she was handcuffed.

XLVII. Plaintiff explained that Officer Barretto and Officer Greenman stated that I was intoxicated with alcohol.

XLVIII. While in the Tennova E.R. waiting room the Plaintiff was told by Officer Greenman it was no big deal and she could now check this situation off her bucket list.

XLIX. Upon completing the blood draw Plaintiff was placed back in the police car and transported to the Montgomery County Jail.

L. While Officer Barretto drove from Tenova E.R. to the Montgomery County Jail, Plaintiff observed Officer Greenman editing and rewriting Officer Barretto statements from the arrest.

LI. Plaintiff asked Officer Greenman to place back Officer Barretto original statements multiple times after observing him removing and rewording his statements.

LII. While waiting to be processed the Plaintiff noticed a large working breathalyzer machine.

LIII. Plaintiff again asked Officer Barretto and Officer Greenman to administer a breath test.

LIV. Officer Greenman stated that it was too much of a hassle and they already had the Plaintiffs blood.

LV. Plaintiff was brought in-front of a magistrate.

LVI. Officer Barretto swore under oath that his testament was true and accurate.

LVII. Plaintiff affirmatively states that her test was negative for all illegal substances.

LVIII. Plaintiff was arrested, strip searched, booked into the local jail, and charged with driving under the influence of alcohol.

LIX. Plaintiffs mug shot was taken and released along with the false statements that she smelled like, and was driving under the influence of alcohol, as public record.

LX. Additionally, Plaintiff affirmatively states that the blood tests administered on August 30, 2024, were negative for Ethyl Alcohol, basic drugs, opiates, buprenorphine, cannabinoids, cocaine, barbiturates, benzodiazepines, methamphetamine, fentanyl, oxycodone and/or oxymorphone as indicated in the excerpts of the results below.